IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**BORIS TAVE MCKINNEY,**

    **Plaintiff,**

**vs.**                                                      **5:05CV35-SPM/AK**

**JAMES CROSBY, et al,**

    **Defendants .**

    _____/

**O R D E R**

    This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 29), wherein Plaintiff complains of treatment by several officers at Jackson Correctional Institution and the North Florida Reception Center, which allegedly occurred in relation to his appearance at a hearing on behalf of another inmate.

    From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.

    First, Plaintiff names James Crosby as a defendant, but does not identify any actions he took with regard to the constitutional violations of which he

complains. Liability for damages cannot be imposed upon Defendant Moore in his individual capacity merely because of his supervisory authority as Secretary of the Florida Department of Corrections. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), citing Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Although personal participation is not specifically required for liability under § l983, there must be some causal connection between the defendant named and the injury allegedly sustained. Swint v. City of Wadley, 51 F.3d 988, 999 (11th Cir. 1995); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). However, Plaintiff has not identified anything that Crosby did in relation to the events described, and he should therefore be deleted as a defendant from a second amended complaint.

Second, the only actions Plaintiff contends that Defendant Brestynski took against him was to say "When you fuck with all of us we will get you," and shake his fist at them. (Doc. 29, p. 13). Plaintiff has no cause of action under 42 U.S. C. §1983 for Defendant's alleged threat and verbal abuse. See Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough

to implicate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest); Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same). Consequently, the claims against Defendant Brestynski for threatening him should be deleted from a second amended complaint, if Plaintiff chooses to file one.

It appears that the only viable claims stated in the amended complaint are those against John Does 1, 2 and 3, for using excessive force against him or watching the others use it against him. Specifically, Plaintiff claims that one officer grabbed him by the throat and another slapped him. There are, however, two problems with this claim. First, Plaintiff has attached only one request for administrative remedy which addresses the excessive force issue. (Doc. 29, Exhibit A). The response and another request dated January 16, 2005, indicate that there was an investigation and perhaps more papers connected to the administrative remedy process with regard to this claim. If Plaintiff has more papers showing his exhaustion of these remedies he should attach them to the second amended complaint to make more clearly what steps he took and the result of those efforts. Second, Plaintiff has not alleged any type of injury resulting from the alleged use of force. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

3

emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available.[1]  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Nominal damages may still be recovered even though there are no compensable damages.  Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.  Plaintiff's claim for relief includes a transfer, and compensatory damages of $250,000. from each defendant.  Without some injury there is nothing to compensate him for, and he would only be entitled to nominal damages.  Thus, if Plaintiff has no physical injuries resulting from the incident with the John Doe officers, he should consider dismissing this lawsuit.

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

If Plaintiff insists on amending his complaint, he should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  See, e.g., Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff is advised that the second amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  A second amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the second amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **June 15, 2005.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **16th** day of May, 2005.

                                          s/ A. KORNBLUM
                                          **ALLAN KORNBLUM**
                                          **UNITED STATES MAGISTRATE JUDGE**