**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**BORIS TAVE MCKINNEY,**

     **Plaintiff,**

**vs.**                             **CASE NO. 5:05CV35-SPM/AK**

**NORTH FLORIDA RECEPTION,**

     **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that three unidentified corrections officers at North Florida Reception Center assaulted him on June 17, 2004.  (Doc. 44).  Specifically, he alleges that John Doe 1 grabbed him by the throat and John Doe 2 did not stop John Doe 1.  Plaintiff does not state what John Doe 3 did to violate his rights.  Also before the Court is Plaintiff's Emergency Motion, construed as a motion for injunctive relief.  (Doc. 45).

**I.    Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se*

complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

## II.     Allegations of the Second Amended Complaint (doc. 44)

Plaintiff was advised previously of the deficiencies in his pleading, specifically that he has failed to show any physical injury resulting from the alleged assault.  (Doc. 36).  Plaintiff has yet again filed a complaint alleging much the same facts as previously asserted and has again failed to show any injury resulting from the encounter with the unnamed corrections officers at North Florida Reception Center.  His basic factual premise is that he was being transported to Miami to testify at another inmate's trial and

**No. 5:05cv35-spm/ak**

this angered corrections officers at Jackson Correctional Institution.  Allegedly these unnamed persons told the unnamed transporting officers, who then passed this information on to North Florida Reception Center officers, one of whom grabbed Plaintiff by the throat.  All of these persons allegedly threatened Plaintiff with additional assaults, lengthier sentences, and other reprisals for his testimony at this trial.

Plaintiff seeks damages for mental emotional stress and transfer to Dade or Everglade Correctional Institution.

Plaintiff has not alleged that he suffered any physical injury from being grabbed around the throat.  Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Despite the wording of § 1997e(e), that "[n]o Federal civil *action may be brought*," this circuit has established that the statute limits relief, not causes of action.  If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available.[1]  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2],

_____

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated."  Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

**No. 5:05cv35-spm/ak**

*reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table).  215 F.3d at 1230.  Nominal damages may still be recovered even though there are no compensable damages.  Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

However, Plaintiff's failure to allege *any* injury from being grabbed negates his claim for excessive force since a *de minimis* use of force does not support a claim of excessive force.  Hudson v. McMillian, 503 U.S. 1, 7-8 (1992); Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996); Skritch v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002). Thus, Plaintiff has failed to state a claim of excessive force and his claim should be dismissed.

### III.    Plaintiff's emergency motion

Plaintiff claims that he is in imminent danger from corrections officers at Washington Correctional Institution who have been making threats against him.  None of these persons are presently named in the complaint before the Court and Plaintiff has provided no details about these threats such as dates and times or the nature of the threats, except that these officers were "passed the word" by Jackson Correctional officers.

This motion has been filed in a case alleging excessive force against three unnamed corrections officers at North Florida Reception Center.  (Doc. 44).  The injunctive relief sought in Plaintiff's motion could only be awarded by persons at Washington Correctional Institution, who are not parties to the present lawsuit.

**No. 5:05cv35-spm/ak**

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d).  "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted).  This court must have jurisdiction over a party to adjudicate a claim.

The Court notes that this motion was not properly filed in this case because the Defendants in this action are not the Defendants referenced in this motion and cannot provide the relief requested by Plaintiff.  Therefore, the parties identified in the motion would not be bound by a temporary restraining order issued by this Court.  If Plaintiff intends to pursue this matter he should file a separate action on the appropriate forms, accompanied by the $250 filing fee or an application to proceed *in forma pauperis.*  This action will be the quickest avenue to obtaining the relief he seeks in his motion.  Consequently, it is recommended that the emergency motion be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint (doc. 44) be **DISMISSED** for failure to state a claim

**No. 5:05cv35-spm/ak**

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that

Plaintiff's emergency motion (doc. 45) be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this **16ᵗʰ** day of November, 2005.


**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:05cv35-spm/ak**